## STOCKDEN VS. THE STATE.

It is not necessary, in an indictment under the act of 12th January, 1852, (*Pamph. acts of* 1852, *p.* 205,) for playing cards on Sunday, to allege that the game was played for amusement, or that the defendant bet upon the game.

*Appeal from the Circuit Court of Yell county.*

The Hon. JOHN J. CLENDENIN, Circuit Judge.

WALKER & GREEN for the appellant.

JOHNSON, Attorney General, for the State.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Stockden was indicted in the Yell Circuit Court, for playing cards upon the Sabbath. There were two counts in the indictment:

The first charged: "That Anderson Stockden, late of, etc., on Sunday, the first day of July, A. D. 1855, at etc., did unlawfully play at and upon an unlawful game at cards, commonly called *seven up*, which said game at cards was then and there, on Sunday as aforesaid, played by the said Anderson Stockden, William Blake, Monroe Phifer and James Lands, contrary to the form of the Statute," etc.

The second count charged: "That the said Anderson Stockden, on the day and year aforesaid, in the county aforesaid, did bet one dollar at and upon an unlawful game at cards, commonly called *seven up*, contrary to the form of the Statute," etc.

On the plea of not guilty, a jury found the defendant guilty upon the first count in the indictment, and not guilty upon the

second.  He filed a motion in arrest of judgment, which the Court overruled, and he appealed.

The indictment was drawn under the following Statute:

"Every person who shall, on the Christian Sabbath, or Sunday, be engaged in any game of brag, bluff, poker, seven-up, etc., etc., etc., or at any other game at cards, known by any name, etc., etc., *for any bet or wager on such games, or for amusement without any bet or wager*, shall, on conviction thereof, be fined in any sum not less than twenty-five, nor more than fifty dollars."  *Act 12th January*, 1853, *Pamph. Acts* 1852, *p.* 205.

The motion in arrest of judgment was based upon the ground that the indictment was defective in substance, because it did not aver whether the defendant played the game at cards for a *wager*, or *for amusement;* and it is insisted that it should have been alleged that he played for the one or the other, to bring the offence within the terms of the Statute.  The objection assumes that the two are distinct offences, and that one or the other is a material ingredient to constitute any offence under the Statute.

We think the objection is not well taken.  The object of the Statute was to prohibit the *desecration* of the *Sabbath* by engaging in the vicious employment of playing *cards* on that day, which is set apart by Divine appointment, as well as by the law of the land, for other and better engagements; and whether the defendant play for a wager or amusement, he is alike guilty of a desecration of the Sabbath, and consequently of a violation of the law.  The playing *cards* upon *that day* is the gist of the offence, and whether the playing be for a wager or amusement is not material.  No matter what the purpose of the game may be, it is a desecration of the day, and vicious to public morals in its tendencies.

If the State were required to charge that the game was played for a wager, or for amusement, the defendant would insist that the proof should correspond with the allegation, and he might escape upon a technical variance, when he was really guilty of a violation of the law.

The second count in the indictment before us, charged the

defendant with betting on the game, and he was acquitted; and perhaps because the State failed to prove the betting.

Whether the defendant bet upon the game, or played for idle amusement, or whether the playing was in a public place, where the evil example would be extensive in its influence, or in a private and secluded place, and the like circumstances, might perhaps be considered by the jury in mitigation or enhancement of the amount of the fine to be assessed by them against the accused, but all such circumstances would be matters of evidence, and not of allegation in the indictment.

The judgment of the Court below is affirmed.

Absent, Hon. C. C. SCOTT.